ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000
E-mail: mlindsey@nethere.com

Attorneys for Plaintiff David Ortega

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTEGA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, USA, INC.,<br><br>　　　　　Defendant. | Case No. 08 CV 00724 DMS (WMc)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br><br>Complaint Filed: April 21, 2008<br>Trial Date: None Set<br><br>Hearing Date: July 25, 2008<br>Hearing Time: 1:30 p.m.<br>Before Hon. Dana M. Sabraw<br>Courtroom　　10 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff David Ortega hereby submits the attached opposition to Defendant Toyota Motor Sales, USA, Inc.'s motion to dismiss Plaintiff's conversion claim.

///

- i -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

08 CV 0724 DMS (WMC)

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.    THE COMPLAINT STATES A CLAIM FOR RELIEF FOR CONVERSION BECAUSE IT ALLEGES THAT DEFENDANT HAS A LEGAL OBLIGATION TO DELIVER A SPECIFIC SUM OF MONEY TO PLAINTIFF AND THAT DEFENDANT HAS INSTEAD CONVERTED THE MONEY FOR ITS OWN USE .................... 1

II.   PLAINTIFF IS ENTITLED TO PLEAD BOTH SONG-BEVERLY AND TORT CLAIMS BASED UPON THE SAME CONDUCT, BUT MUST ELECT A REMEDY AFTER THE JURY RETURNS ITS VERDICT ........................................................................................... 4

    A.    Song-Beverly does not provide the exclusive remedy ......................... 4

    B.    Plaintiff's conversion claim is based upon an independent tort claim, and not on Song-Beverly ................................................ 7

III.  PLAINTIFF REQUESTS LEAVE TO APPEAR AT THE HEARING ON THIS MOTION BY TELEPHONE ........................................................ 8

CONCLUSION ........................................................................................................ 8

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# INTRODUCTION

This is an automobile lemon law action. The Complaint alleges five claims for relief under both the federal Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act, and a single tort claim for conversion under California law.

Defendant moves to dismiss Plaintiff's conversion claim, arguing (1) that Plaintiff has not alleged that Defendant converted a specific, identifiable sum of money and (2) that the Song-Beverly Consumer Warranty Act precludes a consumer from alleging a claim based both on Song-Beverly and on California tort law unless the tort is independent of the Song-Beverly claim.

Neither of Defendant's claims have merit. The Complaint alleges that Defendant has a statutory duty to deliver a specific sum of money to the Plaintiff and has instead converted the money to its own use. Moreover, Song-Beverly expressly permits consumers to allege tort claims based upon the same facts that form the basis of a claim under Song-Beverly. Accordingly, Defendant's motion should be denied.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

**THE COMPLAINT STATES A CLAIM FOR RELIEF FOR CONVERSION BECAUSE IT ALLEGES THAT DEFENDANT HAS A LEGAL OBLIGATION TO DELIVER A SPECIFIC SUM OF MONEY TO PLAINTIFF AND THAT DEFENDANT HAS INSTEAD CONVERTED THE MONEY FOR ITS OWN USE**

Plaintiff's sixth claim for relief alleges a claim for conversion. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of

1  control or ownership over the property, or that the alleged converter has applied
2  the property to his own use. Money can be the subject of an action for conversion
3  if a specific sum capable of identification is involved." *Farmers Ins. Exchange v.*
4  *Zerin*, 53 Cal.App.4th 445, 451-52 (1997) (citations omitted).

5  Here, the Complaint expressly alleges that "Plaintiff is the owner of and has
6  an immediate right to possession of a specific sum of money which is capable of
7  identification." *See* Pl. Comp., ¶ 39. The Complaint also alleges that "[i]nstead of
8  delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has
9  wrongfully converted that money for its own use." *See* Pl. Comp., ¶ 40.

10  Defendant's motion overlooks these factual allegations and instead argues
11  that Plaintiff's claims actually involve a contingent, contractual right to receive
12  money, which cannot form the basis of a conversion claim.

13  In cases involving the failure to pay money, the critical question is whether
14  the Defendant has a legal duty to pay the money to the Plaintiff. *Farmers Ins.*
15  *Exchange*, 52 Cal.App.4th at 452. Where the obligation is merely contractual, no
16  conversion claim will arise. *Id*. However, where the obligation to pay the money
17  is imposed by law (such as by a lien), the failure to pay amounts to a conversion,
18  regardless of whether the defendant disputes the claim. *Id*. Here the obligation to
19  deliver the money is statutory, and well-established.

> If the manufacturer . . . is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, **the manufacturer shall . . . promptly make restitution to the buyer in accordance with subparagraph (B)**. . . . ¶ (B) In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer.

28  Cal. Civ. Code § 1793.2(d)(2) (emphasis added).

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  "[T]he Act places an affirmative duty on the buyer to deliver a
2  nonconforming product for repair, and an affirmative duty on the manufacturer to
3  promptly replace the product or refund the purchase money if repairs are
4  unsuccessful after a reasonable opportunity to repair." *Jiagbogu v. Mercedes-Benz*
5  *USA*, 118 Cal.App.4th 1235, 1244 (2004).

6  Because the Complaint properly alleges that Defendant has a statutory duty
7  to deliver a specific sum of money to the Plaintiff and has instead converted the
8  money to its own use, the Complaint states a claim for conversion.

9  Defendant correctly points out that no conversion claim lies when a money
10 is due under a contractual provision. *See* Def.'s Mot., p. 4, l. 19 to p. 5, l. 16. But,
11 Plaintiff has not alleged that Defendant owes money to Plaintiff under a contract.
12 Rather, Plaintiff alleges that under Civil Code section 1793.2(d), the money
13 belongs to the Plaintiff and that Defendant has converted that money to its own
14 use. Defendant's obligation to pay Plaintiff is not a mere contractual obligation, it
15 is a mandatory obligation imposed by California law, with civil penalties for
16 failure to comply. *See* Cal. Civ. Code § 1794(c), (e).

17 Defendant cites *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457
18 (2006) for the proposition that no conversion occurs when a Defendant
19 overcharges a Plaintiff for services. In *McKell*, the allegation was that
20 "Defendants charged plaintiffs more for these services than defendants paid the
21 service providers." *Id* at p. 1465. *McKell* did not involve an allegation that
22 Defendant took money from its depositors accounts, as Defendant implicitly
23 contends. Rather, it involved charges for "underwriting, tax services, and wire
24 transfer fees in conjunction with home loans." *Id*. This case does not involve
25 allegations that Defendant charged too much for the vehicle. Rather, it involves a
26 claim that Defendant is obligated to refund Plaintiff's money and has instead kept
27 the money for itself, i.e. a classic conversion.

28

Finally, Defendant's contention that the *Farmers*[1] case supports its position is misplaced. In *Farmers*, the Court of Appeal concluded that an insurer had no implied lien against the settlement funds received by an attorney and thus no conversion claim could be stated against the attorney for failing to satisfy the lien.

Implicit in the Court's ruling is that if a legal obligation to pay funds *did* exist, a conversion claim would lie. Here, as noted above, a legal obligation *does exist* and it is codified in Civil Code section 1793.2(d). It follows that Plaintiff may state a claim for conversion.

## II.

## PLAINTIFF IS ENTITLED TO PLEAD BOTH SONG-BEVERLY AND TORT CLAIMS BASED UPON THE SAME CONDUCT, BUT MUST ELECT A REMEDY AFTER THE JURY RETURNS ITS VERDICT

Defendant's motion asserts that the Song-Beverly Consumer Warranty Act precludes consumers from asserting tort claims based upon the same facts that underlie the Song-Beverly claim, unless the tort claims are based on claims "other than the violation of Song-Beverly itself." *See* Def.'s Mot., p. 6, ll. 21-24.

Defendant's claim has no merit for two reasons. First, under established law, Song-Beverly is not an exclusive remedy. Second, even if Song-Beverly only permits the assertion of tort claims "other than the violation of Song-Beverly itself," Plaintiff's conversion claim qualifies because it involves elements that are not required by Song-Beverly.

A.  <u>Song-Beverly does not provide the exclusive remedy</u>

Without saying so, Defendant relies upon the "'new right-exclusive remedy' rule of statutory construction . . . . As a general rule, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *Rojo v.*

---

[1] Defendant refers to the case by the name of the Defendant, i.e. *Zerin*.

1  *Kliger*, 52 Cal.3d 65, 79 (1990).  However, this rule does not apply where the
2  statute "expressly disclaims any intent to repeal other state laws . . . .  Where
3  statutory language is clear, a court need not and should not rely upon artificial
4  canons of construction."  *Id.*

5  Here, Song-Beverly expressly disclaims any intent to repeal other remedies.
6  "The remedies provided by [Song-Beverly] are cumulative and shall not be
7  construed as restricting any remedy that is otherwise available . . . ."  Cal. Civ.
8  Code § 1790.4.  Because the statutory language is clear, the Court should reject
9  Defendant's efforts to rely upon a contrary canon of construction.

10  More importantly, Defendant's claim was implicitly rejected by the Court of
11  Appeal in *Troensegaard v. Silvercrest Industries, Inc.*, 175 Cal.App.3d 218 (1985).
12  In *Troensegaard*, a consumer asserted claims under both California's Song-
13  Beverly Consumer Warranty Act (Civil Code section 1794) and a tort claims
14  relating to the failure to repair those defects.  *Id.*  The Court of Appeal held that a
15  consumer may state a tort claim and recover punitive damages even when the facts
16  underlying the tort claim are the same as those underlying the Song-Beverly claim.
17  *Id* at 226.

18  *Troensegaard* concluded that when a consumer alleges both tort and Song-
19  Beverly claims, however, the consumer may not recover both a civil penalty and
20  punitive damages.  Rather, the consumer must elect one or the other.  That election
21  occurs after trial, and not at the pleading stage.  *Clauson v. Superior Court*, 67
22  Cal.App.4th 1253, 1256 (1998) ("Once the verdict is returned, plaintiffs, if they
23  prevail, may then elect whether to accept the . . . statutory penalties or the punitive
24  damages award.").[2]

---

[2] In *Troensegaard*, the Court of Appeal made the obvious election by striking the lower $50,000 punitive damages award in favor of the $90,000 civil penalty.

- 5 -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

08 CV 0724 DMS (WMC)

Defendant cites *Kwan v. Mercedes-Benz North America, Inc.*, 23 Cal.App.4th 174 (1994), claiming that it holds otherwise. In fact, *Kwan* addressed an entirely different question. In *Kwan*, the buyer attempted to recover tort damages on a claim for violation of Song-Beverly *without* even alleging any other tort claims. *Kwan*, 23 Cal.App.4th at 187 ("[T]he court allowed evidence of, and instructed the jury it could award damages for, Kwan's "emotional distress." . . . We conclude such damages are not authorized under the Act.")

The question presented and resolved in *Kwan* was whether a consumer can recover tort damages on a Song-Beverly claim pursuant to Civil Code section 1794(a) and (b), which authorizes suits and defines the damages that are available in Song-Beverly actions. The *Kwan* Court carefully reviewed the text of section 1794 and concluded that a consumer cannot recover tort damages in claims under section 1794, because that section does not authorize tort damages. *Id*.

In *Kwan*, the buyer pointed to section 1790.4, but the Court of Appeal concluded that it did not apply because the buyer had not alleged any tort claims, but was instead attempting to recover tort damages on a Song-Beverly claim. *See Kwan*, 23 Cal.App.4th at 192 ("Neither of the cases Kwan relies on for his claim of a tort remedy is on point, as neither concerns statutory language comparable to section 1794, subdivision (b). Nor [is section] 1790.4 (remedies of the Act are cumulative to those "otherwise available") relevant. . . . Kwan's proposed tort remedy, moreover, is not "otherwise available"; it derives, rather, from obligations imposed by the Act itself.").

Simply put, the "derives . . . from obligations imposed by the Act" language in *Kwan* referred to the fact that the buyer had only asserted claims under Civil Code section 1794, and had not attempted to assert any other claims. As such, section 1790.4 was inapplicable because the buyer was not asserting any other claims that were "otherwise available."

Here, in contrast, Plaintiff is asserting tort claims that are otherwise available, i.e. a conversion claim. Because "[t]he remedies provided by [Song-Beverly] are cumulative and shall not be construed as restricting any remedy that is otherwise available . . . ," Plaintiff is entitled to do so. Cal. Civ. Code § 1790.4.

B. <u>Plaintiff's conversion claim is based upon an independent tort claim, and not on Song-Beverly</u>

Defendant concedes that if Plaintiff's conversion claim is based upon an independent tort, Song-Beverly would not preclude Plaintiff from asserting it. *See* Def.'s Mot., p. 6, ll. 22-23 ("It is defendant's position that the phrase 'other tort claims' means just that: tort claims other than the violation of the Song-Beverly Act itself.").

As explained above, the text of Song-Beverly contains no support for Defendant's assertion. But, even if Song-Beverly did support such a rule, Defendant has advanced no real standard for how to judge when a tort claim is a valid "other tort claim" or an invalid "non-other tort claim."

And no intelligible standard can be found anywhere in Song-Beverly, either. If the Legislature had intended to create such a rule, it presumably would have set an intelligible standard to differentiate between a "other tort claim" and a "non-other tort claim." Instead, it said *exactly the opposite* in Civil Code 1790.4.

While Plaintiff's conversion claim is partially based upon Song-Beverly (to the extent that Song-Beverly creates the obligation to pay money to Plaintiff), the conversion claim also adds an additional element which is not present in Song-Beverly claims, i.e. Defendant's conversion of the funds to its own use. In a Song-Beverly claim, conversion to Defendant's own use is not an essential element of the claim; rather, it is sufficient that Defendant failed to pay them to Plaintiff. *See* Civ. Code § 1793.2(d)(2).

The conversion claim is not simply a recasting of the Song-Beverly claims, but rather, an entirely different claim with its own unique elements and its own

- 7 -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

08 CV 0724 DMS (WMC)

remedies. Accordingly, even if Defendant's legal position were correct, Plaintiff has alleged a tort claim "other than the violation of Song-Beverly itself" and Defendant's motion should be denied.

### III.
### PLAINTIFF REQUESTS LEAVE TO APPEAR AT THE HEARING ON THIS MOTION BY TELEPHONE

Before Defendant filed this motion, the parties held a pre-filing conference with the Court by telephone. During that conference, Plaintiff's counsel requested leave to appear at the hearing on this motion by telephone because his office is in Orange County, and the Court indicated that it would probably accommodate Plaintiff's request. Plaintiff's counsel renews his request to appear by telephone in connection with the motion, and agrees that Defendant's counsel (whose offices are in Los Angeles County) should be permitted to appear in that manner as well.

In addition, to the extent that Defendant raises any new issues or arguments in the reply brief, Plaintiff requests that the Court either disregard them or allow Plaintiff leave to respond, either orally at the hearing or in writing.

### CONCLUSION

For all of the foregoing reasons, Defendant's motion should be denied.

DATED: July 10, 2008

          ANDERSON LAW FIRM
          MARTIN W. ANDERSON
          MICHAEL E. LINDSEY

By: _____
        MARTIN W. ANDERSON
        Attorneys for Plaintiff David Ortega

**PROOF OF SERVICE**

I, Martin W. Anderson, am employed in the County of Orange, State of California. I am over the age of 18, and not a party to this action. My business address is 2070 North Tustin Avenue, Santa Ana, California 92705.

**ELECTRONICALLY:** On the date indicated below, an attorney with our office will file the document described below electronically using the Court's CM/ECF System. I am informed and believe that the Court's CM/ECF system will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of the document.

Document(s) Served:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

Person(s) served, address(es), and fax number(s):

Mr. Sean Beatty
Demler, Armstrong & Rowland LLP
4500 E. Pacific Coast Highway, Fourth Floor
Long Beach, CA 90804-3298

Date of Service: July 10, 2008
Date Proof of Service Signed: July 10, 2008

I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that the above is true and correct.

Signature: /s/ Martin W. Anderson