1  Sean D. Beatty (Bar No. 155328)
2  John W. Myers IV (Bar No. 179975)
   DEMLER, ARMSTRONG & ROWLAND, LLP
3  4500 E. Pacific Coast Highway, Fourth Floor
   Long Beach, California 90804-3298
   Telephone: (562) 597-0029
4  Fax: (562) 494-3958

5
6  Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 DAVID ORTEGA,                      ) NO.    08 CV 0724 DMS WMc
                                      )
12                    Plaintiff,      ) Date:      July 25, 2008
                                      ) Time:      1:30 p.m.
13           vs.                      ) Courtroom: 10
                                      ) Judge:     Hon. Dana M. Sabraw
14 TOYOTA MOTOR SALES, USA,           ) Magistrate: Hon. William McCurine, Jr.
   INC.,                              )
15                                    ) **DEFENDANT TOYOTA MOTOR**
                    Defendant.        ) **SALES, U.S.A., INC.'S REPLY TO**
16                                    ) **PLAINTIFF'S OPPOSITION TO ITS**
                                      ) **RULE 12(B)(6) MOTION TO**
17                                    ) **DISMISS PLAINTIFF'S CAUSE OF**
                                      ) **ACTION FOR CONVERSION**
18                                    )
                                      ) Complaint Filed:  April 21, 2008
19                                    ) Trial Date:       None
                                      )
20                                    )
                                      )
21 _____   )

22 TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

23         Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") submits the following

24 arguments and authorities in reply to plaintiff's opposition to its FRCP 12(b)(6)

25 motion to dismiss plaintiff's sixth Cause of Action, for conversion, for failure to

26 state a claim upon which relief can be granted.

27 ///

28 ///

TMS8573\REPLY\RTDI01

1.    **INTRODUCTION.**

Plaintiff's opposition fails to refute either argument raised in the moving papers.  In fact, the authorities cited by plaintiff actually are more consistent with TMS' position.  Accordingly, the Court should grant defendant's motion.

2.    **CONVERSION OF MONEY.**

In the moving papers, TMS cited cases supporting the proposition that "money" cannot generally be the subject of a conversion claim – especially if that "money" is merely the plaintiff's *damages* in a given case.  A mere right to recover of a specific amount of money, created by contract or statute, or existing at common law, without more, will not support a conversion claim.  There needs to be a specific, identifiable sum of money, which is distinguished from a specific, identifiable *amount of damages*.

Plaintiff first suggests that the situation here is different, because TMS had a "legal obligation" to pay money to the plaintiff.  Plaintiff thus draws a distinction between a contractual obligation, and a legal one – but without any authority.  The court in *Farmers Ins. Exch. v. Zerin* (1997) 53 Cal.App.4th 445, 452, did state that a contractual obligation, without more, will not support a conversion claim.  However, the court did <u>not</u> distinguish that from a "legal obligation."  A contractual obligation *is* a legal obligation.  Every enforceable obligation to pay money, is a "legal" obligation.  Legal obligations can arise from contract, statute or common law.  Every defendant who commits a tort or breaches a contract has an alleged "legal obligation" to pay money to the injured plaintiff.  Plaintiff's attempt to distinguish a "contractual obligation" from a "legal obligation" is meaningless.

Plaintiff also seems to rely upon the "equitable lien" theory, to support his conversion claim.  He cites to a portion of *Farmers Ins.,* in which the court discussed that theory.  Plaintiff's argument is somewhat misleading, however,

TMS8573\REPLY\RTDI01

2

1   because the "equitable lien" theory was not developed as independently sufficient

2   basis for a conversion claim; nor was it developed to even to satisfy the

3   "specifically identifiable sum of money" element for a conversion claim, which is

4   the element at issue in the instant case.

5       Rather, the "equitable lien" theory is used to meet the "ownership and

6   entitlement to immediate possession [of the property]" element of a conversion

7   claim.  A conversion plaintiff must show that he or she *owned* the property

8   allegedly converted by the defendant, and was entitled to its possession, at the

9   time of the conversion.  However, the ownership does not have to be absolute, nor

10  is legal title to the property always required.  (*Id.* at 452.)  An equitable interest in

11  the property will sometimes suffice.  However, that does not say anything about

12  the circumstances under which "money" can be the subject of a conversion claim.

13      Moreover, the "equitable lien" theory would not apply here.  In discussing

14  it, the *Farmers'* court cited to *Weiss v. Marcus* (1975) 51 Cal.App.3d 590 and also

15  to *McGafferty v. Gilbank* (1967) 249 Cal.App.2d 569.  A similar concept was

16  referenced in the moving papers, with the citation to *Fischer v. Machado* (1996)

17  50 Cal.App.4th 1069, a much more recent case.  Those cases are not at all like the

18  instant case.  In each those cases, there was some agreement between the parties

19  that the "money" in question would be delivered.  In *Fischer*, an agent accepted a

20  sum of money to be paid to another and failed to make the payment.  In *Weiss*,

21  there was an express attorney lien on settlement proceeds – an agreement to pay

22  the money.  In *McGafferty*, there was a negotiated agreement by which an attorney

23  was supposed to pay a portion of his client's personal injury settlement proceeds

24  to his client's ex-wife (who held an out-of-state judgment for unpaid support).

25  There is nothing even remotely similar in the instant case against TMS.

26      Of course, *Farmers* itself was an "equitable lien" case – the issue being

27  whether an attorney whose clients had received third-party medical payment

28  benefits was obligated to hold those funds for the benefit of his clients' insurer, on

the theory that the policy provision created an equitable lien on the funds the attorney had received on his clients' behalf. (*Id.* at 450-451.) Importantly, the court noted that the "equitable lien" theory derived from the doctrines of estoppel and unjust enrichment. (*Id.* at 453.) As such, a plaintiff must show more than an entitlement to the money – he or she must also show detrimental reliance upon the defendant's agreement to pay or deliver the money. (*Id.* at 456.) In *Farmers*, the court found that there was no detrimental reliance, and thus rejected the conversion claim. (In *McGafferty*, on the other hand, there *was* reliance because the ex-wife failed to pursue her right to have the out-of-state judgment recognized and enforced in California.) The same result should follow in the instant case. There was nothing even remotely giving rise to an "equitable lien" argument and no detrimental reliance by plaintiff *upon TMS' alleged refusal to replace or repurchase his vehicle*.

This case falls more in line more with both *McKell v. Washington Mutual* (2006) 142 Cal.App.4[th] 1457; 49 Cal.Rptr.3d 227 (an identifiable *amount of damage*, is simply not the same as a specific and identifiable *sum of money*) and *Imperial Valley L. Co. v. Globe G. & M. Co.* (1921) 187 Cal. 352; 202 P. 129 (breach of a lease obligation, without more, does not give rise to conversion claim). Here, TMS allegedly breached its obligation under the Song-Beverly Act, but nothing "more" is alleged. TMS' alleged breach is no different than the farmer's breach in *Imperial Valley*. Without more, that is not sufficient to support a conversion claim.

3.    **DERIVATIVE NATURE OF THE CONVERSION CLAIM.**

Defendant has never suggested that Song-Beverly provides the "exclusive" remedy for automobile warranty claims. A vehicle owner could sue under Magnuson-Moss (as Mr. Ortega has done, in the instant case). A vehicle owner could sue for straight breach of the warranty contract. A vehicle owner could sue

1    under the Commercial Code.

2    However, while it is not the exclusive remedy, the Song-Beverly Act <u>does</u>

3    <u>limit the types of damages available to motor vehicle warranty claimants</u>.  Under

4    *Kwan v. Mercedes-Benz* (1994) 23 Cal.App.4th 174; 28 Cal.Rptr.2d 371, the

5    damages available to a Song-Beverly claimant are limited to those set forth in the

6    Act, unless there is some conduct that goes beyond the warranty claim itself – in

7    which case, the vehicle owner might have "other tort" claims, as well.   However,

8    a Song-Beverly Act violation, without more, should not allow for the imposition

9    of "other tort" damages.  To allow otherwise, would defeat the rule.  Every

10   plaintiff could simply re-state his or her warranty claim in the language of an

11   "infliction of emotional distress" claim, and circumvent *Kwan* (which specifically

12   dealt with a claim for emotional distress damages).  Obviously, in order to get

13   damages beyond those specified in Song-Beverly, a plaintiff must have claims

14   based on something more than the breach of warranty.

15   Plaintiff cites *Troensegaard v Silvercrest Industries* (1985) 175 Cal.App.3d

16   218, for the proposition that a Song-Beverly claim <u>can</u> be restated in the form of

17   "other torts."  That case did not say any such thing and it is actually is more

18   consistent with TMS' position.

19   That is because the plaintiff in *Troensegaard* actually alleged "more" than a

20   mere breach of warranty or violation of the Song-Beverly Act.  The plaintiff in

21   that case alleged (and proved) not only a willful violation of the Song-Beverly

22   Act, *but also fraud (based on intentional misrepresentations and failure to*

23   *disclose) and products liability (personal injuries)*.  Those claims were not

24   derivative of the Song-Beverly claim, and the defendant never argued otherwise.

25   (If anything, the Song-Beverly claim was the "lesser included" or derivative claim,

26   in that case.)  The allegations and proof of fraud and products liability take that

27   case outside of the rule advanced by TMS, from the *Kwan* case.

28   Thus, in *Troensegaard*, the plaintiff did <u>not</u> simply restate her warranty

TMS8573\REPLY\RTDI01

5

1  claim in the form of "other torts;" she actually alleged other torts based on

2  something more than the violation of the Song-Beverly Act.  In the instant case,

3  plaintiff has not properly alleged any "other tort."   His conversion claim is based

4  exclusively on TMS' failure to honor its alleged obligation under the Song-

5  Beverly Act.

6

7  4.    **<u>CONCLUSION.</u>**

8        For the foregoing reasons, defendant requests that its motion to dismiss be

9  granted.

10

11       Dated: July 18, 2008        DEMLER, ARMSTRONG & ROWLAND, LLP

12

13                                   /s/ John W. Myers IV
                                     _____
14                                   SEAN D. BEATTY
                                     JOHN W. MYERS IV
15                                   Attorneys for defendant Toyota Motor Sales,
                                     U.S.A., Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I, John W. Myers IV, am employed in the County of Los Angeles, State of California.  I

3

am over the age of 18 and not a party to the within action; my business address is 4500 East

Pacific Coast Highway, Fourth Floor, Long Beach, California, 90804-3298.

4

5

**[X]    ELECTRONICALLY**:  On the date indicated below, an attorney with our office will file

the document described below electronically using the Court's CM/ECF System.  I am informed

6

and believe that the Court's CM/EFC System will automatically e-mail a Notice of Electronic

Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of

7

the document.

8

Document(s) Served:

9

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REPLY TO**

10

**PLAINTIFF'S OPPOSITION TO ITS RULE 12(B)(6) MOTION TO**

**DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION**

11

12

Person(s) served, address(es), and fax number(s):

13

Martin W. Anderson                              Attorneys for plaintiff

Anderson Law Firm

14

2070 N. Tustin Avenue                          (714) 516-2700 – phone

Santa Ana, CA 92705                            (714) 532-4700 – fax

15

16

Michael E. Lindsey                             Co-counsel for plaintiff

Law Offices of Michael E. Lindsey

17

4455 Morena Blvd., Suite 207                   (858) 270-7000 – phone

San Diego, CA                                  (858) 270-7710 - fax

18

19

Date of Service:                   July 18, 2008

Date Proof of Service Signed:      July 18, 2008

20

21

I declare under penalty of perjury under the laws of the United States of America and on

my own personal knowledge that the above is true and correct.

22

23

/s/ John W. Myers IV

24

25

26

27

28

TMS8573\REPLY\RTDI01

7