1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DAVID ORTEGA,                              CASE NO. 08cv0724 DMS (WMc)

12                              Plaintiff,      **ORDER DENYING DEFENDANT**
                                                **TOYOTA MOTOR SALES, U.S.A.,**
13          vs.                                 **INC.'S MOTION TO DISMISS**
                                                **PLAINTIFF'S CONVERSION**
14   TOYOTA MOTOR SALES, USA, INC.,             **CLAIM**

15                              Defendant.      **[Docket No. 5]**

16

17          This matter comes before the Court on Defendant Toyota Motor Sales, U.S.A., Inc.'s ("TMS")

18   motion to dismiss Plaintiff's claim for conversion. Plaintiff has filed an opposition to the motion, and

19   Defendant TMS has filed a reply. On July 22, 2008, the Court found the motion suitable for decision

20   without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the

21   Court denies the motion to dismiss.

22                                          **I.**

23                                   **BACKGROUND**

24          This case arises out of Plaintiff's purchase of a 2006 Toyota Scion tC on or about November

25   19, 2006, which was manufactured, distributed, or sold by Defendant. Plaintiff paid or agreed to pay

26   a total of $26,180.56 for the vehicle, including taxes, license, and finance charges. Plaintiff filed the

27   present case against TMS on April 21, 2008. Plaintiff alleges his 2006 Toyota Scion tC suffers from

28   problems with the check engine light illuminating, engine noise, burning oil, transmission grinding,

and engine seizure. Plaintiff sues TMS for violations of the federal Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act, as well as for conversion under California law. Only the conversion claim is at issue in this order.

In his claim for conversion, Plaintiff complains that he is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. Specifically, Plaintiff claims he is entitled to restitution of the amounts paid or payable for Defendant's vehicle, pursuant to California Civil Code § 1793.2(d). Plaintiff argues that instead of refunding the money to him, Defendant wrongfully converted the money. Plaintiff claims that he has suffered general damages as a result of Defendant's conversion. Plaintiff also claims that he is entitled to recover punitive damages pursuant to Civil Code § 3294, arguing that Defendant's conduct was fraudulent, oppressive, and malicious.

**II.**

**DISCUSSION**

Defendant moves to dismiss the cause of action for conversion pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant claims that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's claim for a "general" sum of money is not actionable as conversion. Additionally, Defendant claims that Plaintiff's conversion claim is derivative of the Song-Beverly claim and thus, cannot be supported. Plaintiff disputes both arguments.

Dismissal pursuant to Rule 12(b)(6) is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A claim "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007) (quoting *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002)), *cert. denied*, 128 S. Ct. 2871 (2008).

"Conversion is the wrongful exercise of dominion over the property of another." *Farmers Ins. Exch. v. Zerin*, 61 Cal. Rptr. 2d 707, 709 (Ct. App. 1997). A claim for conversion requires the plaintiff's ownership or right of possession at the time of the conversion, the defendant's conversion

by a wrongful act or disposition of property rights, and damages. *Burlesci v. Petersen*, 80 Cal. Rptr. 2d 704, 706 (Ct. App. 1998). Money can be the subject of a conversion action if a specific, identifiable sum is involved. *Zerin*, 61 Cal. Rptr. 2d at 709. Although a general claim for money is not actionable as conversion, it is not necessary that each coin or bill be earmarked. *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941). A contractual right of payment, without more, is not enough to sustain a conversion claim. *Zerin*, 61 Cal. Rptr. 2d at 709; *Imperial Valley L. Co. v. Globe Grain & Milling Co.*, 187 Cal. 352, 354 (1921).

Plaintiff states a claim for conversion because the Complaint alleges that Defendant has a statutory duty to deliver a specific, identifiable sum of money to Plaintiff and has instead wrongfully converted the money to its own use, causing damages. Plaintiff specifically complains that "pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant." The allegedly converted sum of money is not a "general" claim for money since it is readily identifiable as the $26,180.56 that Plaintiff paid or agreed to pay for the vehicle.

Defendant's reliance on *Imperial Valley Land Company* is misplaced because Defendant's obligation to deliver the money to Plaintiff does not stem from a contractual right of payment. The Song-Beverly Act places an affirmative duty on the Defendant to promptly replace the product or refund the purchase money if repairs are unsuccessful after a reasonable opportunity to repair. *See Jiagbogu v. Mercedes-Benz USA*, 13 Cal. Rptr. 3d 679, 684 (Ct. App. 2004). Plaintiff complains that Defendant failed to replace the product or refund the specific amount of money paid for the vehicle under Civil Code § 1793.2(d). Thus, Plaintiff states a valid claim for relief.

Found at § 1793.2, *et seq.*, the Song-Beverly Act, also referred to as the Lemon Law, stipulates a vehicle manufacturer's obligations to maintain repair facilities, to repair vehicles to conform to applicable warranties, and to repurchase or replace vehicles that cannot be conformed to applicable warranties. Damages recoverable under the Song-Beverly Act include restitution, incidental and consequential damages, attorneys' fees and costs, and, if there has been a "willful" violation of the Act, a civil penalty. The remedies provided by the Song-Beverly Act are "cumulative and shall not be construed as restricting any remedy that is otherwise available...." Cal. Civ. Code §1790.4. A consumer may state a tort claim and recover punitive damages even when facts underlying the tort

claim and the Song-Beverly claim are the same. *Troensegaard v. Silvercrest Indus., Inc.*, 220 Cal. Rptr. 712, 713 (Ct. App. 1985). When a consumer alleges both a Song-Beverly claim and a tort claim, he must elect to recover either a civil penalty or punitive damages. *See Clauson v. Superior Court*, 79 Cal. Rptr. 2d 747, 749 (Ct. App. 1998). This election occurs after trial and not at the pleading stage. *Id.* The Song-Beverly Act is intended to be a remedial measure and should be given a construction consistent with its purpose. *Kwan v. Mercedes-Benz,* 28 Cal. Rptr. 2d 371, 377 (Ct. App. 1994).

Plaintiff states a valid claim for conversion since he is expressly permitted to allege tort claims based upon the same facts that form the basis of his Song-Beverly claim. *See Troensegaard*, 220 Cal. Rptr. at 713. The remedies provided by the Song-Beverly Act are cumulative, and this Court refuses to adopt Defendant's interpretation of the statutory language which limits Plaintiff's available remedies. Defendant cites *Kwan* for the proposition that Plaintiff cannot state a claim for conversion. In *Kwan*, the jury awarded the defendant buyer tort damages for emotional distress under the Song-Beverly Act. *See Kwan*, 28 Cal. Rptr. 2d at 377. The Court of Appeal held that tort damages for emotional distress were not authorized under the Act alone. *Id. Kwan* is distinguishable. Here, Plaintiff is not attempting to recover damages for emotional distress under the Song-Beverly Act without alleging any other tort claims. *See Kwan*, 28 Cal. Rptr. 2d at 382. Instead, Plaintiff alleges a separate tort claim for conversion, which is a valid remedy because it is "otherwise available." *See* Cal. Civ. Code §1790.4.

Both parties agree that tort remedies are not recoverable under the Song-Beverly Act, unless "other tort claims" are alleged. *See Kwan*, 28 Cal. Rptr. 2d at 382. Defendant argues that Plaintiff's conversion claim cannot succeed because Plaintiff has not alleged any tort claim beyond the violation of the Song-Beverly Act itself. Plaintiff argues that the conversion claim is sufficient to state a claim because it is an entirely different claim which includes an element that is not required to support a Song-Beverly claim (i.e., the requirement of defendant's conversion of the funds to its own use). The Court agrees. Plaintiff's conversion claim is a distinct, "other tort claim" which has different elements and remedies from the Song-Beverly claim. Accordingly, Plaintiff states a valid claim for relief.

/ / /

/ / /

08cv0724

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION AND ORDER

In light of the above, Defendant's motion to dismiss Plaintiff's conversion claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.

**IT IS SO ORDERED.**

DATED:  August 21, 2008

_____
HON. DANA M. SABRAW
United States District Judge

08cv0724