Sean D. Beatty (Bar No. 155328)
John W. Myers IV (Bar No. 179975)
DEMLER, ARMSTRONG & ROWLAND, LLP
4500 E. Pacific Coast Highway, Fourth Floor
Long Beach, California 90804-3298
Telephone: (562) 597-0029
Fax: (562) 494-3958

Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTEGA,<br><br>       Plaintiff,<br><br>       vs.<br><br>TOYOTA MOTOR SALES, USA, INC.,<br><br>       Defendant. | NO.    08 CV 0724 DMS WMc<br><br>Room: 4290<br>Judge: Hon. Dana M. Sabraw<br>Magistrate:  Hon. William McCurine, Jr.<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S ANSWER TO COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>Complaint Filed:  April 21, 2008<br>Trial Date:     None |

Defendant Toyota Motor Sales, U.S.A., Inc., answers plaintiff's complaint as follows:

1.     Defendant denies the allegations in paragraph 1 of the complaint.

2.     Paragraph 2 of the complaint is a statement of reference, not subject to admission or denial.

3.     Paragraph 3 of the complaint is a statement of reference, not subject to admission or denial.

4.     Defendant lacks sufficient information to form a belief as to the truth of the allegation in paragraph 4 of the complaint regarding whether the vehicle was purchased primarily for personal, family or household purposes, and on that

basis denies said allegation.  Defendant admits the remaining allegations in Paragraph 4 of the complaint.

5.      Answering paragraph 5, defendant admits that plaintiff received a limited express written warranty, the terms of which are set forth therein.

6.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 of the complaint, and on that basis denies said allegations.

7.      Answering paragraph 7, defendant admits that plaintiff may be entitled to certain implied warranties.  Defendant denies that the duration of the implied warranty is co-extensive with the duration of the express warranty provided by defendant.

8.      Paragraph 8 of the complaint is a purported statement of the law, not appropriate for admission or denial.

9.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the complaint, and on that basis denies said allegations.

10.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the complaint, and on that basis denies said allegations.

11.     Defendant denies the allegations in Paragraph 11 of the complaint.

12.     Defendant denies the allegations in Paragraph 12 of the complaint.

13.     Answering paragraph 13, defendant incorporates its responses to Paragraphs 4 through 6, and 10, above.

14.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the complaint, and on that basis denies said allegations.  Defendant denies that the duration of the implied warranty is co-extensive with the duration of the express warranty provided by defendant.

15.     Answering paragraph 15, defendant admits that plaintiff may be

entitled to certain implied warranties.

16.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 of the complaint, and on that basis denies said allegations.

17.     Defendant denies the allegations in Paragraph 17 of the complaint.

18.     Defendant denies the allegations in Paragraph 18 of the complaint.

19.     Answering paragraph 19, defendant incorporates its responses to Paragraphs 4 through 6, and 10, above.

20.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 of the complaint, and on that basis denies said allegations.

21.     Defendant denies the allegations in Paragraph 21 of the complaint.

22.     Defendant denies the allegations in Paragraph 22 of the complaint.

23.     Defendant denies the allegations in Paragraph 23 of the complaint.

24.     Answering paragraph 24, defendant incorporates its responses to Paragraphs 4 through 6, above.

25.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the complaint, and on that basis denies said allegations.

26.     Defendant denies the allegations in Paragraph 26 of the complaint.

27.     Defendant denies the allegations in Paragraph 27 of the complaint.

28.     Defendant denies the allegations in Paragraph 28 of the complaint.

29.     Defendant denies the allegations in Paragraph 29 of the complaint.

30.     Paragraph 30 of the complaint is a statement of plaintiff's intent regarding damages, not subject to admission or denial.   Defendant denies that plaintiff is entitled to damages.

31.     Defendant denies the allegations in Paragraph 31 of the complaint.

32.     Answering paragraph 32, defendant incorporates its responses to

1    Paragraphs 4 through 6, and 10, above.

2        33.    Defendant lacks sufficient information to form a belief as to the truth

3    of the allegations in Paragraph 33 of the complaint, and on that basis denies said

4    allegations.

5        34.    Defendant denies the allegations in Paragraph 34 of the complaint.

6        35.    Defendant denies the allegations in Paragraph 35 of the complaint.

7        36.    Defendant denies the allegations in Paragraph 36 of the complaint.

8        37.    Defendant denies the allegations in Paragraph 37 of the complaint.

9        38.    Answering paragraph 38, defendant incorporates its responses to

10    Paragraphs 24 through 31, above.

11        39.    Defendant denies the allegations in Paragraph 39 of the complaint.

12        40.    Defendant denies the allegations in Paragraph 40 of the complaint.

13        41.    Defendant denies the allegations in Paragraph 41 of the complaint.

14        42.    Defendant denies the allegations in Paragraph 42 of the complaint.

15    **FOR ITS AFFIRMATIVE DEFENSES, TOYOTA MOTOR SALES,**

16    **U.S.A., INC., ALLEGES AS FOLLOWS:**

17                        <u>**AFFIRMATIVE DEFENSES**</u>

18                        **FIRST AFFIRMATIVE DEFENSE**

19                        **(Failure to State a Cause of Action)**

20        The Complaint, and each purported cause of action alleged therein, fails to

21    state facts sufficient to constitute a cause of action against this defendant.

22                        **SECOND AFFIRMATIVE DEFENSE**

23                        **(Failure to Allow a Cure)**

24        Defendant is informed and believes and thereon alleges that plaintiff is

25    barred from obtaining the relief sought in the Complaint on the grounds that

26    plaintiff has failed and refused to allow defendant a reasonable opportunity to cure

27    any alleged breach by defendant.

28    ///

### THIRD AFFIRMATIVE DEFENSE

### (Mitigation)

Defendant is informed and believes and thereon alleges that plaintiff's alleged damages, if any, are the result, in whole or in part, of plaintiff's failure to exercise reasonable care to reduce or mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part by his, or others, contributory negligence and/or fault from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part under the doctrine of unclean hands from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part by his, or others, comparative negligence and/or fault or otherwise from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in California Code of Civil Procedure sections 337(1), 337(3),

338(a), 339(1), 339(3), 340(1), 343, 2725 and/or any other statute of limitation applicable to the present action.

### EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

No act or omission of defendant was the cause in fact or the proximate cause of the injuries and damages, if any, sustained by plaintiff.

### NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiff was proximately caused and contributed by the superseding, intervening acts or omissions of persons other than defendant in that said person, and each of them, were careless and negligent concerning the matters alleged in the Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the Complaint with the result that the damages, if any, recoverable by plaintiff herein must be diminished in proportion to the fault attributable to such other person.

### TENTH AFFIRMATIVE DEFENSE

### (Misuse of Subject Vehicle)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiff was directly and proximately caused and contributed to by the misuse of and the unreasonable and improper use of the subject vehicle. Further, the misuse or failure to use properly the subject vehicle contributed to the loss, injury, damage or detriment, if any, alleged in the Complaint and the damages, if any, recoverable by plaintiff herein must be diminished in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Alteration of Subject Vehicle)

The subject vehicle was not in a defective or unmerchantable condition at

1   any time when it left the possession, custody and control of defendant.  Any

2   damage to the subject vehicle was caused and created by changes and alterations

3   made to the subject vehicle, subsequent to the time of the subject vehicle's

4   manufacture and/or sale, by persons other than defendant or any of his agents,

5   servants or employees, barring plaintiff's recovery herein.

6                          **TWELFTH AFFIRMATIVE DEFENSE**

7                                      **(Disclaimer)**

8           Defendant is informed and believes and thereon alleges that prior to and at

9   the time of the alleged acts, omissions and conduct of defendant as alleged in the

10  Complaint, defendant expressly disclaimed, negated and excluded all warranties of

11  the type herein alleged by plaintiff, and or any type, express or implied,

12  whatsoever.

13                        **THIRTEENTH AFFIRMATIVE DEFENSE**

14                                  **(Lack of Causation)**

15          Defendant is informed and believes and thereon alleges that any breach of

16  warranty of fitness or merchantability if any, and any other breach of warranty, if

17  any, and any breach of contractual undertakings of defendant, if any, were neither

18  the cause in fact nor the proximate cause of plaintiff's damages.  Rather, any said

19  breaches, if any, were only secondary, inconsequential, indirect and in no way

20  contributed to or caused the alleged damages of plaintiff.

21                        **FOURTEENTH AFFIRMATIVE DEFENSE**

22                 **(Failure to Comply With Statutory Requirements)**

23          Defendant is informed and believes, and thereon alleges, that the claims

24  alleged against defendant in the Complaint are barred by the failure of plaintiff to

25  comply with the applicable statutory requirements before filing this action,

26  including, but not limited to, 15 U.S.C. 2310(a) and California Civil Code §

27  1793.22(c).

28  ///

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Not Intended Use)

Any and all damages, if any, sustained or suffered by plaintiff was proximately caused and contributed to by the use of the subject vehicle for a purpose for which it was not intended to be used. Plaintiff knew, or should have known, that the subject vehicle was not used in a manner for which the subject vehicle was manufactured or intended, and that such unintended use could cause damage to plaintiff. Plaintiff's recovery must be barred or reduced in proportion to the amount attributable to the plaintiff's use of the subject vehicle in an unintended manner.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Maintenance)

Plaintiff's damages, if any, were the direct and proximate result of the conduct of plaintiff and/or plaintiff's agents, employees or representative, in that they negligently, carelessly, recklessly, knowingly, and willfully operated, maintained, and serviced the subject vehicle which is the subject of this lawsuit and/or directed and controlled all operations and maintenance of said subject vehicle. Plaintiff's damages, if any, were directly and proximately caused, in whole or in part and/or were contributed to or aggravated by the conduct of plaintiff and/or plaintiff's agents, employees or representatives, when they so negligently, carelessly, recklessly, knowingly and willfully failed to repair the said subject vehicle, knowing that said subject vehicle needed repair, but, instead proceeded to operate, and otherwise make use of the subject vehicle and/or make improper and inadequate repairs to said subject vehicle. Plaintiff's right to recovery should be barred or reduced by an amount equivalent to such percentage of fault.

///

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Subject Vehicle in Conformity)**

Defendant is informed and believes and thereon alleges that if it is determined that the subject vehicle failed to conform at any time with any applicable warranty extended by defendant, defendant alleges that the subject vehicle is now fully in conformity with such warranty.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Substantial Impairment)**

Defendant is informed and believes and thereon alleges that the condition of the subject vehicle, as described in the Complaint, did not and does not substantially impair the subject vehicle's use, value or safety.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Consequential Damages)**

Defendant, in response to the Complaint and each of its cause of action, states that plaintiff's claims for consequential damages are specifically barred by the terms of the warranty in question and applicable law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant is informed and believes and thereon alleges that plaintiff has inexcusably delayed in proceeding with this claim despite plaintiff's contention that defendant was liable to plaintiff.  Plaintiff's inexcusable delay has prejudiced defendant's position and plaintiff is therefore barred by laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and thereon alleges that plaintiff is estopped from obtaining the relief sought in his complaint by virtue of his acts and conduct in connection with the matters alleged in the complaint.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and thereon alleges that plaintiff has waived his rights, if any, to obtain the relief sought in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Privity)**

Plaintiff and defendant were not in privity of contract wherefore plaintiff may not obtain the requested relief from defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Release)**

Defendant is informed and believes, and thereon alleges that plaintiff has released defendant from any and all claims, including those raised in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

The risks and dangers in plaintiff's conduct were known to the plaintiff. Plaintiff nevertheless conducted himself in such a manner so as to expose himself and remain exposed to said risks and dangers and by doing so assumed all the risks attendant thereto.  At said time, date and place of the incidents described in the Complaint, plaintiff voluntarily assumed the risks of the activities in which he was then and there engaged and under the circumstances and conditions then and there existing, and the resultant injuries, if any, and damages, if any, sustained by plaintiff were proximately caused by plaintiff's own voluntary assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Vagueness)**

The Complaint is vague, uncertain, ambiguous and unintelligible.

///

///

1

2

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (Qualified Third Party Dispute Resolution Process)

3  Defendant maintains a qualified third party dispute resolution process,

4  which substantially complies with section 1793.22 of the California Civil Code.

5  Defendant is informed and believes and thereon alleges plaintiff received timely

6  and appropriate notification of the availability of the third party resolution process.

7  Accordingly, since plaintiff did not avail himself of the third party dispute

8  resolution process prior to filing this litigation, section 1794(e)(2) of the

9  California Civil Code affirmatively bars plaintiff from recovering damages for (i)

10  attorney's fees, (ii) costs, and (iii) treble damages (as provided under California

11  Civil Code section 1794(e)) and plaintiff cannot avail himself of the rebuttable

12  presumption pursuant to California Civil Code section 1793.22(b).

13  Defendant's qualified third party dispute resolution process also complies

14  with 15 U.S.C. 2310(a), and plaintiff's failure to participate in the process

15  precludes relief under the Magnuson-Moss Warranty Act.

16

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

## (Reservation of Rights)

18  Defendant presently has insufficient knowledge or information upon which

19  to form a belief as to whether it may have additional, as yet unstated, affirmative

20  defenses available.  Defendant reserves herein the right to assert additional

21  affirmative defenses in the event discovery indicates that they would be

22  appropriate.

23

24  **WHEREFORE, defendant prays:**

25  1.    That plaintiff takes nothing by his Complaint;

26  2.    For cost of suit;

27  3.    For attorney's fees; and

28  4.    For such other and further relief as the Court deems just and proper.

1

2       **FURTHER, defendant demands a jury trial.**

3       Dated: September 2, 2008

4                               DEMLER, ARMSTRONG & ROWLAND, LLP

5

6                               /S/ John W. Myers IV
                                SEAN D. BEATTY
7                               JOHN W. MYERS IV
                                Attorneys for defendant Toyota Motor Sales,
8                               U.S.A., Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# PROOF OF SERVICE

2

3        I, John W. Myers IV, am employed in the County of Los Angeles, State of
California.  I am over the age of 18 and not a party to the within action; my
4        business address is 4500 East Pacific Coast Highway, Fourth Floor, Long Beach,
California, 90804-3298.

5

6        **[X]    ELECTRONICALLY**:  On the date indicated below, an attorney with our
office will file the document described below electronically using the Court's
7        CM/ECF System.  I am informed and believe that the Court's CM/EFC System
will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF
8        user and that this e-mailing will constitute electronic service of the document.

9

10       Document(s) Served:

11       **DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S ANSWER TO
COMPLAINT**

12

13       Person(s) served, address(es), and fax number(s):

14

15       Martin W. Anderson                    Attorneys for plaintiff
Anderson Law Firm
16       2070 N. Tustin Avenue                 (714) 516-2700 – phone
Santa Ana, CA 92705                   (714) 532-4700 – fax

17

18       Michael E. Lindsey                    Co-counsel for plaintiff
Law Offices of Michael E. Lindsey
19       4455 Morena Blvd., Suite 207          (858) 270-7000 – phone
San Diego, CA                         (858) 270-7710 - fax

20

21       Date of Service:                      September 2, 2008
Date Proof of Service Signed:         September 2, 2008

22

23       I declare under penalty of perjury under the laws of the United States of
America and on my own personal knowledge that the above is true and correct.

24

25

26                              /s/ John W. Myers IV

27

28